# United States District Court

## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**REBECCA LOUISE WESTOVER**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **1:04CR05189-001**<br><br>Carrie Leonetti, Assistant Federal Defender<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of charge(s) 1-9 as alleged in the violation petition filed on 12/10/2004 .

[ ]  was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|

See next page.


The court: [ ] revokes:  [ ] modifies:  [✔] continues under same conditions of supervision heretofore ordered on  July 9, 2001  .

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    Charge(s) ___ is/are dismissed.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

|   |
|---|
| 08/29/2005 |
| Date of Imposition of Sentence |
| |
| /s/Anthony W. Ishii |
| Signature of Judicial Officer |
| |
| **ANTHONY W. ISHII**, United States District Judge |
| Name & Title of Judicial Officer |
| |
| 9/06/05 |
| Date |

AO 245D-CAED (Rev. 3/04) Judgment in a Criminal Case for Revocation Sheet I    Case 1:04-cr-05189-AWI   Document 19   Filed 09/06/05   Page 2 of 4

CASE NUMBER:       1:04CR05189-001                                                                                      Judgment - Page 2 of 4
DEFENDANT:         REBECCA LOUISE WESTOVER

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge 1 | Failure to obey laws | 12/20/2004 |
| Charge 2 | Consumption of alcohol while participating in a drug/alcohol program | 12/20/2004 |
| Charge 3 | Failure to participate in a drug/alcohol aftercare treatment program | 12/20/2004 |
| Charge 4 | Failure to obey all laws | 12/20/2004 |
| Charge 5 | Failure to pay restitution and special assessment | 12/20/2004 |
| Charge 6 | Failure to follow the instructions of the probation officer | 12/20/2004 |
| Charge 7 | Consumption of alcohol while participating in a drug/alcohol program | 12/20/2004 |
| Charge 8 | Failure to report for drug testing | 12/20/2004 |
| Charge 9 | Failure to obey all laws | 12/20/2004 |

CASE NUMBER:      1:04CR05189-001                                                               Judgment - Page 3 of 4
DEFENDANT:        REBECCA LOUISE WESTOVER

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of under the same terms and conditions previously imposed by the court on July 9, 2001 with the addition of Special Condition Number 6 to include inpatient treatment and Special Condition Number 7 to include total abstinence from the use of alcohol .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release          Case 1:04-cr-05189-AWI   Document 19   Filed 09/06/05   Page 4 of 4

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR05189-001 | Judgment - Page 4 of 4 |
| DEFENDANT: | REBECCA LOUISE WESTOVER | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of her person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall participate in a mental health treatment program, as directed by the Probation Officer. The defendant is to pay part or all of the cost of this treatment, at an amount as deemed appropriate by the Probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the Probation Officer.

3. The defendant shall participate in a drug/alcohol aftercare treatment program, which may include testing to determine whether she has reverted to the use of drugs or alcohol, as directed by the Probation Officer. The defendant is to pay part or all of th cost of this treatment, at an amount not to exceed sixty dollars ($60.00) per session, as deemed appropriate by the Probation Officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the Probation officer.

4. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

5. The defendant shall pay any restitution imposed by this judgment that remains unpaid at the commencement of supervision.

6. The defendant shall reside, participate in, and successfully complete an inpatient residential drug and/or alcohol treatment program to be determined by the probation officer for a period of up to 180 days. Placement to begin on a date as determined by the probation officer.

7. The defendant shall abstain from the use of alcoholic beverages, and shall not frequent those places where alcohol is th chief item of sale.